404

TOWN OF BLOOMING GROVE, Appellant, vs. McSHERRY, Respondent.

*November 10—December 5, 1933.*

For the appellant there was a brief by *Woodward & May* of Madison, and oral argument by *Arthur L. May*.

*O. A. Stolen* of Madison, for the respondent.

ROSENBERRY, C. J.   The sole question raised here is whether or not, under the powers conferred upon towns and town boards, the town board of the plaintiff town had authority to enact the ordinance in question.   The first contention of the plaintiff is that the town has such authority under the provisions of sec. 3 of art. XI of the constitution (the home-rule amendment), the material part of which is as follows:

"Cities and villages organized pursuant to state law are hereby empowered to determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village. . . ."

Sec. 60.18 (12) provides that a town meeting may by resolution authorize, in the enumerated classes of towns, town boards "to exercise all powers relating to villages and conferred on village boards by chapter 61 of the Statutes, except," etc.

The power conferred upon villages by sec. 3 of art. XI of the constitution is not found in ch. 61 of the Statutes and

it would seem to be plain that the town meeting may by resolution confer only such powers as relate to villages and are conferred by ch. 61. We do not need to consider in this case whether or not the legislature may extend to towns the right to exercise the powers conferred by sec. 3 of art. XI. Manifestly the legislature has made no attempt to do so.

The plaintiff further contends that such powers are conferred upon it by sec. 61.34 (18), (19), (27), the material parts of which are as follows:

"61.34 (18) *Suppress gambling, fights, riots, disorderly houses, drunkenness, obscenity, bathing places.* To prohibit and suppress . . . disorderly conduct, disorderly houses, houses of ill fame, immoderate drunkenness, drinking . . . within the limits of the village; . . .

"(19) *Intoxicating liquors.* To exercise such powers in respect to licensing and regulating the sale of malt, ardent or intoxicating liquors as are conferred by the general statutes in respect thereto.

"(27) *Ordinances for order, health.* To ordain and establish all such ordinances and by-laws for the government and good order of the village, the suppression of vice and immorality, the prevention of crime, the protection of public and private property, the benefit of trade and commerce and the promotion of health, not inconsistent with the constitution and laws of the United States or of this state, as they shall deem expedient. . . ."

We shall first inquire what action if any the state had taken which in any way affected or withdrew the powers granted by ch. 61. At the time of the adoption of sec. 61.34 (19) (sec. 892, par. 18, Stats. 1878) and subsequent thereto, each town board, village board, and common council was authorized to grant licenses for the sale of liquor under the conditions and restrictions which may in a general way be found summed up in ch. 66 of the Statutes of 1917. In the event that a licensee in the instances specified violated the law, a town, village, or city might revoke a license theretofore granted by it. Upon the adoption of the Eighteenth amendment to the federal constitution, ch. 556 of the Laws

of 1919 was enacted, which related to the enforcement of prohibition. The matter of prohibition enforcement was submitted to the people at the general election held in November, 1920. By the vote at that election, ch. 556 of the Laws of 1919 was continued in operation. The legislature of 1921 enacted ch. 441, which repealed in the main the statutes theretofore existing relating to the sale of intoxicating liquors and created the prohibition enforcement act popularly known as the Severson Act, by the terms of which the sale of intoxicating liquors was forbidden except in certain cases and under the restrictions therein prescribed. By ch. 129 of the Laws of 1929, the prohibition act, being ch. 165 of the Statutes of 1927, was repealed and towns, villages, and cities were given power to license and regulate the sale of non-intoxicating liquors. Thereafter there was no state law forbidding the sale of intoxicating liquors, and in view of the national prohibition act there could of course be no law authorizing towns, cities, and villages to license the sale of intoxicating liquors.

In this situation of the statutory law referring to the sale of intoxicating liquors, there arose the case of *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82. The city of Mineral Point adopted an ordinance prohibiting the sale of intoxicating liquors and providing a penalty therefor. In that case it was urged, first, that the city had no power under its charter to enact the ordinance in question, and second, that, the state having declared by the repeal of the prohibition act the policy of the state, it was not within the power of a municipality to prohibit that which the state had inferentially approved. It was there held that, where power is conferred upon a local legislative body, it may enact ordinances providing for the punishment of offenders if not in conflict with the laws enacted by the legislature and that the ordinance in question was not contrary to the public policy of the state.

Prior to the enactment of the prohibition act, the power

of a town with respect to licensing and regulating the sale of malt, ardent, or intoxicating liquors was conferred by ch. 165. By the repeal of that chapter and the enactment of the prohibition act, all power to license or regulate the sale of intoxicating liquors was withdrawn from local governmental units and the sale of such liquors forbidden. The repeal of the prohibition act left the matter of enforcement of prohibition to federal authorities. It did not attempt to legalize the sale of intoxicating liquors, neither was the sale forbidden. The state took a neutral position. Such was the state of the law at the time of the enactment of the ordinance in question by the town board of the plaintiff town. At that time the sale of intoxicating liquors was illegal and still remains illegal at this writing. The act of Congress authorizing the sale of beer declares beer of the alcoholic content therein described is not intoxicating. Under the power of the town board conferred upon it by sec. 61.34 (18) to prohibit drunkenness, and under sec. 61.34 (27) to enact ordinances for the government and good order of the village and to suppress vice and immorality, we see no reason why the town board was not authorized to enact the ordinance in question. At the time the ordinance in question was adopted, the state had not attempted to regulate the sale of intoxicating liquors. There is no conflict between the laws of the state and the provisions of the ordinance in question. The ordinance did not make the act of selling liquor illegal. The town board by its adoption sought to suppress and punish the violators for the commission of an act which was already illegal.

It is further contended in behalf of the defendant that even if the town board had power to enact the ordinance in question it is void because the ordinance provides for a penalty of not less than $50 nor more than $200. This is said to be in conflict with sec. 60.18 (3), which authorizes the imposition of a penalty not exceeding $10 for any one vio-

lation of an ordinance. However, sec. 61.34 (28) provides that a village may prescribe penalties for the violation of any ordinance or by-law to be not less than one dollar nor more than two hundred dollars in any case, besides cost of suit in all cases, and in default of payment to provide for the committing of the person convicted, etc.

It is considered that when the resolution was adopted at the town meeting conferring upon the town board the powers described in ch. 61, the statute hereinbefore referred to conferred upon town boards the powers conferred upon villages by ch. 61 with reference to imposing penalties. That accordingly, the penalties which the town board might prescribe for the violation of an ordinance where the authority to enact the ordinance is to be found in ch. 61 are the penalties prescribed in that chapter. The ordinance in question therefore is valid.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to affirm the judgment of the justice court.